UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT

CASE NO. _____

JACOBY AND VERANDA DICKENS,

    *Plaintiffs,*

v.

CASTLE KEY INSURANCE COMPANY,

    *Defendant.*

_____/

## COMPLAINT

Plaintiffs, Jacoby Dickens and his wife Veranda Dickens, sue Defendant, Castle Key Insurance Company, as follows:

### NATURE OF THE ACTION

1. This is an action seeking damages for breach of contract.

### JURISDICTION, PARTIES AND VENUE

2. Plaintiffs, Jacoby and Veranda Dickens (collectively "the Dickens"), are *sui juris*, citizens of the State of Florida, and residents of Miami-Dade County, Florida.

3. Defendant, Castle Key Insurance Company ("Castle Key"), is a foreign corporation incorporated in the State of Illinois. Castle Key is licensed to conduct business in Florida and actively conducts the business of issuing residential property insurance policies in Florida, including Miami-Dade County, Florida.

4. This Court has jurisdiction pursuant to 28 U.S.C. §1332, as the parties are diverse and the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney's fees.

5. Venue is proper in this judicial district because the acts giving rise to this lawsuit occurred in Miami-Dade County, Florida. Castle Key issued a residential property policy to the Dickens covering property located in Miami-Dade County, Florida, and the subject incidents occurred in Miami-Dade County, Florida.

## GENERAL ALLEGATIONS

6. The Dickens own a condominium located at 5284 Fisher Island Drive, Fisher Island, Florida ("the Property").

7. The Policy: The Property is insured under a policy of residential property insurance issued by Castle Key, bearing policy number 000941282645 with effective dates of April 2, 2011 through April 2, 2012 ("the Policy"). A copy of the Policy is attached as Exhibit A.

8. The Policy provides that Castle Key is obligated to pay for sudden and accidental direct physical loss to real and personal property, including mold remediation.

9. The Policy also includes Additional Living Expense coverage if the insured property becomes uninhabitable due to a covered direct physical loss.

10. Claim One: In December 2011, when the Policy was in full force and effect, the Dickens made a claim for water damage and mold in the Property's powder room.

11. Castle Key assigned the claim number 0230351843 ("Claim One").

12. Castle Key retained HSA Engineering to investigate the damage at the Property.

13. On January 30, 2012, Castle Key denied coverage for Claim One based on HSA Engineering's conclusion that the water damage allegedly came from a toilet flange leak and that the water damage was allegedly neither sudden nor accidental.

14. The Dickens provided Castle Key with the report of its own investigator that contradicted HSA Engineering's findings, and asked it to reconsider its denial of coverage.

15. Castle Key reiterated its denial of coverage on March 23, 2012.

16. Claim Two: On or around February 21, 2012, the Dickens discovered water damage in the Property's master bathroom.

17. The Dickens promptly reported the new, unrelated water damage to Castle Key, and its adjuster inspected the property on March 2, 2012.

18. Castle Key assigned number 0235807633 to this claim ("Claim Two").

19. H.S.A. Engineering again inspected the Dickens' condominium on March 13, 2012.

20. Castle Key denied coverage for Claim Two on April 3, 2012, again asserting that the water damage was allegedly neither sudden nor accidental.

21. On August 15, 2012 the parties attended mediation as part of the Property Insurance Mediation Program administered by the Florida Department of Financial Services, but were unable to resolve this dispute.

22. All conditions precedent to bringing this action have been performed, waived, or have otherwise occurred.

### COUNT I – BREACH OF CONTRACT – CLAIM ONE

23. The Dickens reassert the allegations in paragraphs 1 through 22 as if fully set forth herein.

24. Contract: The Policy issued to the Dickens by Castle Key constitutes an enforceable contract under the laws of the State of Florida and was valid and in effect on the date of the accident.

25. The Policy obligates Castle Key to perform certain duties, including the duty to pay covered claims to which no Policy exclusion applies.

26. <u>Breach</u>: Castle Key breached its duties under the terms of the Policy by refusing to pay the damages for Claim One, wrongly asserting that the damage was caused by leaks occurring over a period of time and was not sudden and accidental.

27. <u>Damages</u>: As a result of Castle Key's breach of its duties under the Policy as described above, the Dickens have suffered and continue to suffer damages.

WHEREFORE, Jacoby Dickens and Veranda Dickens, his wife, demand judgment against Castle Key Insurance Company for damages, including but not limited to the cost to repair their condominium, attorney's fees pursuant to Fla. Stat. §627.428, costs, pre- and post-judgment interest, and any further relief this Court deems equitable, just and proper.

### COUNT I – BREACH OF CONTRACT – CLAIM TWO

28. The Dickens reassert the allegations in paragraphs 1 through 22 as if fully set forth herein.

29. <u>Contract</u>: The Policy issued to the Dickens by Castle Key constitutes an enforceable contract under the laws of the State of Florida and was valid and in effect on the date of the accident.

30. The Policy obligates Castle Key to perform certain duties, including the duty to pay covered claims for which no Policy exclusion applies.

31. <u>Breach</u>: Castle Key breached its duties under the terms of the Policy by refusing to pay the damages for Claim Two, wrongly asserting that the damage was caused by leaks occurring over a period of time and was not sudden and accidental.

32. <u>Damages</u>: As a result of Castle Key's breach of its duties under the Policy as described above, the Dickens have suffered and continue to suffer damages.

WHEREFORE, Jacoby Dickens and Veranda Dickens, his wife, demand judgment against Castle Key Insurance Company for damages, including but not limited to the cost to repair their condominium, attorney's fees pursuant to Fla. Stat. §627.428, costs, pre- and post-judgment interest, and any further relief this Court deems equitable, just and proper.

### DEMAND FOR JURY TRIAL

Jacoby Dickens and Veranda Dickens hereby demand trial by jury of all issues so triable.

Dated:   January 28, 2013.

                                      Respectfully submitted,

                                      VER PLOEG & LUMPKIN, P.A.
                                      100 S.E. 2nd Street, 30th Floor
                                      Miami, FL 33131
                                      (305) 577-3996
                                      (305) 577-3998 *facsimile*

                                      */s/ Danya J. Pincavage*_____
                                      **Brenton N. Ver Ploeg**
                                      bverploeg@vpl-law.com
                                      Florida Bar No. 171470
                                      **Danya J. Pincavage**
                                      Fla. Bar No. 0014616
                                      dpincavage@vpl-law.com
                                      *Counsel for Plaintiffs*